REYNOLDS *v.* STATE OF INDIANA.

[No. 27,999. Filed September 26, 1944.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for the State.

FANSLER, J.—The appellant was convicted of murder in the first degree and sentenced to life imprisonment.

Error is assigned upon the overruling of his motion for a new trial. Four rulings are specified, i. e., that the jury was permitted to separate without the consent of the defendant; that a drawing of the floor plan of the room where the crime was committed was admitted when the plan was incomplete; that the court erred in permitting a witness to testify to certain conversations and altercations with the defendant some hours previous to the commission of the crime; and that the verdict is not sustained by sufficient evidence.

Unless the record discloses that the defendant objected to the separation of the jury, it will be presumed that he consented. *Faulkner* v. *State* (1923), 193 Ind. 663, 141 N. E. 514. There is no record of an objection, or contention that an objection was made.

The plat admitted in evidence was a floor plan show-

ing the fixtures in the room. It was made to appear before it was admitted that certain chairs and movable objects in the room were not shown.

It is the rule that where plats are reasonably accurate they are admissible. The purpose of admission is to aid the jury in visualizing the scene. It is clear that the admission of this evidence did not mislead the jury or prejudice the defendant.

The record discloses that there was no objection to the evidence now complained of, but if there had been an objection the evidence was competent to show motive and malice.

There is no substantial conflict in the evidence. It amply sustains a conclusion that the defendant made a vicious, premeditated, malicious, and unprovoked attack with a knife, inflicting a wound that resulted in death.

Judgment affirmed.

NOTE.—Reported in 56 N. E. (2d) 495.