RONALD L. WOODS *v.* STATE OF INDIANA.
[No. 177S39. Filed February 9, 1978.]

*Donald L. Fasig*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Arthur Thaddeus Perry*, Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Ronald Woods, was convicted of armed robbery and given a sentence of eleven years' imprisonment. He now appeals, raising the following issues.

1. Whether the trial court erred in admitting Detective Roberts' testimony as to defendant's age; and

2. Whether there was sufficient evidence to support the conviction.

I.

The defendant contends that Detective Roberts' testimony as to his age was only opinion and therefore should not have been admitted into evidence. It is clear that age is a necessary element of the crime of armed robbery. Ind. Code § 35-12-1-1 (Burns 1975) ; *Robbins* v. *State*, (1971) 257 Ind. 273, 274 N.E.2d 255. But the old rule that a witness may not give an opinion of an ultimate fact question has been abrogated in our state by *Rieth-Riley Construction Company, Inc.* v. *McCarrell*, (1975) 163 Ind. App. 613, 325 N.E.2d 844. The court held that a trial judge at his discretion may permit such evidence in an appropriate case.

This Court will review such an exercise in judicial discretion only for an abuse thereof. In the case at bar, we find no reversible error demonstrated. The police officer who testified had over twelve years of experience with the Marion County Sheriff's Department. There was no abuse of discretion in allowing his opinion as to defendant's age into evidence.

## II.

At the trial on September 26, 1975, Detective Roberts was asked to state his opinion of the defendant's age. Roberts testified, "He is over the age of sixteen." The defendant contends that this testimony is not evidence of defendant's age on June 25, 1975, the date of the crime.

This Court has recently held that the state carries a presumption in its favor as to both the age and sex of the accused until that presumption is questioned by the defendant. *McGowan* v. *State,* (1977) 267 Ind. 16, 366 N.E.2d 1164. In the case at bar the defendant did not raise the question of his age.

Furthermore, since the disparity in time between the commission of the crime and the police officer's testimony was only three months, the testimony raises the reasonable inference that the defendant was over sixteen at the time of the crime as well as at the time of the testimony. There was sufficient evidence to sustain the conviction.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler and Pivarnik, JJ., concur; Prentice, J., concurs in result.

NOTE.—Reported at 372 N.E.2d 178.