JESSE JONES *v.* STATE OF INDIANA.

[No. 1177S791. Filed November 8, 1978.]

Richard M. Orr, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Richard Albert Alford, Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Jesse Jones, was trial by jury and was convicted on four counts:

I—Commission of a Felony While Armed, Robbery;

II—Physical Injury While in the Commission of Robbery;

III—Commission of a Felony While Armed, Robbery; and

IV—Kidnapping.

He was sentenced to life imprisonment on Counts II and IV, sentence was withheld on Counts I and III. He now appeals and raises the following issues:

1. Did the trial court err in admitting a diagram over defendant's objection that no proper foundation had been laid?

2. Did the trial court err in admitting evidence of the search of the defendant?

3. Did the trial court err in denying defendant's motion for a mistrial?

4. Did the trial court err in permitting the state to reopen its case to prove age, and was sufficient evidence adduced to prove age?

5. Did the trial court err in overruling the motion for directed verdict?

6. Was sufficient evidence adduced at trial to support the jury's verdicts?

The evidence most favorable to the state reveals that the defendant robbed a White Castle restaurant at 38th and Keystone, Indianapolis, Indiana, during the early morning hours of December 9, 1976. A cashier, working at the time of the robbery, identified the defendant at trial. The defendant took the contents of the cash register. The cashier testified that she was struck about the head and face with the pistol the defendant was carrying. She sustained head injuries, and she still was suffering from headaches at the time of trial. An assistant supervisor at the restaurant was forced to open the employees' personal lockers; the defendant took the assistant supervisor's purse and dragged her to the parking lot with him as he attempted to escape. The defendant was apprehended in the parking lot. At least four White Castle employees, a taxi driver, and a police officer identified the defendant as the person who was involved in the robbery.

## I.

The defendant first argues that it was error for the trial court to admit a diagram of the White Castle without the proper foundation having been laid. The court specifically admitted the diagram, "[f]or demonstrative purposes only." We have held that diagrams may be admitted where they are shown to be reasonably accurate. "The purpose of admission is to aid the jury in visualizing the scene." *Reynolds* v. *State,* (1944) 222 Ind. 600, 602, 56 N.E.2d 495. A witness utilizing a map as representing his knowledge of the area depicted need not be the maker of it. The witness affirms it to represent his observation, and this is the essential element. III, WIGMORE, EVIDENCE § 794 (Chadbourn rev. 1970). Here the cashier was asked by the

prosecuting attorney, "Is that a reasonably accurate diagram of the White Castle where you were employed on December 9th, 1976?" The cashier replied, "I would say it is." This question and answer adequately provided the necessary foundation for the admission of the diagram into evidence. *See* McCORMICK, EVIDENCE § 213 (2nd ed. 1972). The trial court did not err in admitting the diagram.

## II.

The defendant next argues that the trial court incorrectly admitted a pistol taken from the defendant when he was searched and that the court incorrectly allowed testimony regarding the amount of money found on the defendant. The defendant specifically alleges that no probable cause for the search was shown. Testimony by the arresting officer showed that the officer responded to a robbery-in-progress call; he observed the defendant in a crouched position, at the rear passenger side of an automobile, grabbing a woman with one hand while holding a weapon with the other hand. After placing the defendant under arrest, the officer searched him; the defendant was wearing a shoulder holster and had approximately two hundred and fifty dollars in cash; the weapon was recovered from underneath the car where the defendant had tossed it. The arresting officer certainly had a reasonable or probable cause for belief that a felony had been committed in his presence. *Hadley* v. *State,* (1968) 251 Ind. 24, 238 N.E.2d 888. The trial court did not err in admitting the fruits of the lawful search.

## III.

The trial court denied the defendant's motion for mistrial. The motion for mistrial was made when the state called as a witness a victim in another, similar, White Castle robbery. The defense had previously been granted a motion in limine which was to the effect that "prior to allowing the State to introduce witnesses or evidence on

[contemporaneous White Castle robberies committed by the defendant], we would ask that they lay a foundation outside the presence of the jury to show that there is a common scheme or plan. . . ." When the state called the name of the witness who had been a victim in the similar robbery, the defendant objected, and a hearing was held outside the presence of the jury. The trial court ultimately refused to allow the witness to testify, but the court did not grant the defendant's motion for a mistrial. The granting or denial of a motion for mistrial rests within the sound discretion of the trial judge. *Rufer* v. *State*, (1976) 264 Ind. 258, 342 N.E.2d 856. In reviewing the propriety of a denial of a mistrial, this Court determines whether the witness or prosecutor has injected improper matters into the jury's awareness and, if so, determines whether the effect of such improper matter being placed before the jury is to place the defendant in a position of grave peril to which he should not have been subjected. *Bruce* v. *State*, (1978) 268 Ind. 180, 375 N.E.2d 1042. Since the jury in this trial heard no more than the witness's name, we cannot perceive of any sort of grave peril which would have warranted a mistrial. The jury had absolutely no way of knowing the content of the witness's testimony, nor did the jury know why the witness was not allowed to testify. Moreover, the court, by holding the hearing, with the jury excused, was complying with the motion of limine. The fact that the prosecutor called out the witness's name was rendered harmless by the trial court's immediate compliance with the defendant's request that the jury be excused. There was no error in denying the defendant's motion for a mistrial.

## IV.

After the out-of-court hearing on the motion for a mistrial, the state rested. The defense requested a recess while the jury was still out. The court granted a ten minute recess. After the ten minute recess, but before the jury returned, the state asked leave of the court to

reopen its case to prove the element of the defendant's age. The court granted the state's request over the defendant's objection. The jury was returned to the courtroom.

The defendant now argues that the court erred in allowing the state to reopen its case and that sufficient evidence was not educed to prove the element of age. The defendant admits in his brief that the trial court is vested with the discretion to permit the state to reopen its case for omitted questions, but he asserts that the court's action here was an abuse of that discretion. We are unpersuaded. First, the jury was unaware that the state had rested and had reopened; therefore, no particular emphasis was directed toward the proof of age. Second, the defendant has failed to designate specifically how he was prejudiced by the reopening of the state's case. *Frasier* v. *State,* (1974) 262 Ind. 59, 312 N.E.2d 77. The record shows no real confusion or inconvenience occasioned by the reopening of the state's case.

A police officer, who stated that he had fifteen years' experience, testified that in his opinion and judgment the defendant was over the age of sixteen. This Court has held that a trial judge may permit an experienced police officer to testify regarding his opinion of an ultimate fact such as age. *Woods* v. *State,* (1978) 267 Ind. 581, 372 N.E.2d 178. Sufficient evidence was produced to convince the jury that the defendant was over sixteen years old. No reversible error has been demonstrated.

## V.

Finally, the defendant argues that the trial court erred in overruling his motion for judgment on the evidence (motion for a directed verdict) because there was not sufficient evidence to support a jury verdict of guilty. When reviewing for sufficiency of the evidence, this Court will neither weigh evidence nor assess witness credibility. *Brown* v. *State,* (1974) 261 Ind. 619, 308 N.E.2d 699. If there is substantial evidence of probative value sufficient

to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Valentine* v. *State,* (1971) 257 Ind. 197, 273 N.E.2d 543.

First, the defendant urges that there was insufficient evidence to show the use of a dangerous and deadly weapon and that there was a material variance between the information and the evidence presented at trial. The information designated the weapon to be a handgun; the evidence produced at trial showed that the pistol used on the cashier's head was actually a starting pistol which could only fire blanks. Such a distinction is not material considering the way in which the pistol was used; it was used as a bludgeoning instrument, and it did inflict injury. As such, it qualified, under the statute, Ind. Code § 35-12-1-1 (Burns 1975), as "any dangerous or deadly weapon." If there was any variance, it was not of the caliber of variance which would have misled the defendant in the preparation of his defense. *Miller* v. *State,* (1975) 263 Ind. 595, 335 N.E.2d 206. *See also Asocar* v. *State,* (1969) 252 Ind. 326, 247 N.E.2d 679; *Lewis* v. *State,* (1969) 252 Ind. 454, 250 N.E.2d 358. There was ample evidence produced at trial to show that the pistol qualified as a "deadly or dangerous weapon or instrument" used for inflicting physical injury during the commission of a robbery. *See* Ind. Code § 35-13-4-6 (Burns 1975).

Second, the defendant speculates that the state failed to prove that the assistant supervisor was "carried away" within the meaning of the kidnapping statute, Ind. Code § 35-1-55-1 (Burns 1975). The evidence was clear that the victim was "dragged" *from* inside the White Castle at 2330 East 38th Street *to* an adjoining parking lot. Such "dragging" against the victim's will is sufficient to establish the commission of the crime of kidnapping. *See Johnson* v. *State,* (1974) 262 Ind. 516, 319 N.E.2d 126; *Parker* v. *State,* (1976) 265 Ind. 595, 358 N.E.2d 110.

Third, the defendant asserts that there was a fatal variance in that the information charged the defendant with taking "U.S. Currency, then and there of the value of $25.00. . . ." The defendant states that the evidence showed that a purse was taken but that defendant did not open it or know what was in it. However, the owner of the purse testified that it contained $25.00; the owner of the purse unequivocally identified the defendant as the person who took the purse. The evidence was clear that the money was in the purse and it was taken by the defendant.

There was sufficient evidence to support the verdict.

For all of the foregoing reasons there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 381 N.E.2d 1064.