**Eddie LEWIS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–180A21.**

Court of Appeals of Indiana, Third District.

July 15, 1980.

William J. Muha, Daniel G. Hoebeke, Zandstra, Zandstra & Muha, Highland, for appellant.

Theodore L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

A jury found Eddie Lewis guilty of Robbery (Class B) and he was sentenced to the Indiana Department of Corrections for a period of ten (10) years. In his appeal to this Court, Lewis raises the following contentions:

(1) Whether the trial court erred when it refused to instruct the jury on the lesser offense of Robbery, Class C?

(2) Whether the trial court erred when it permitted the State to reopen its case for the purpose of an in-court identification of Lewis?

(3) Whether the trial court erred when it permitted the State to introduce a

Police Property Receipt for a shotgun, as well as testimony related thereto? We affirm.

### I.

### Lesser Included Offense

■ Lewis contends that the trial court erred when it failed to give an instruction on Robbery Class C. The record reveals that while Lewis objected at trial to the court's failure to give an instruction on Robbery Class C, he did not tender an instruction to the court regarding that offense. The failure to tender an instruction in writing on a lesser offense constitutes a waiver of the right to challenge the court's refusal to instruct the jury on the lesser offense. *Miller v. State* (1978), 267 Ind. 635, 372 N.E.2d 1168, 1171; *Coker v. State* (1980), Ind.App., 399 N.E.2d 857, 861.

■ Even if Lewis had properly preserved the question for review, however, his argument is meritless. Ind.Code Ann. § 35–42–5–1, wherein the crime of robbery and its respective degrees are defined, reads:

"Sec. 1. A person who knowingly or intentionally takes property from another person or from the presence of another person:

"(1) by using or threatening the use of force on any person; or

"(2) by putting any person in fear; commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon, and a Class A felony if it results in either bodily injury or serious bodily injury to any other person."

The statutory element which distinguishes the crime of Robbery Class B, the greater offense, from Robbery Class C, the lesser offense, is the use of a deadly weapon during the commission of the robbery. Robbery Class C is consequently what is characterized as an "inherently" included offense of the greater crime of Robbery Class B; it is, in other words, impossible to commit the latter without first committing the former. *Roddy v. State* (1979), Ind.App., 394 N.E.2d 1098, 1105.

The determination that a lesser offense is "included" within the charged crime does not by itself render an instruction on the lesser offense appropriate; a two-step test must be employed to resolve the question whether an instruction on a lesser offense is justified. *Lawrence v. State* (1978), Ind., 375 N.E.2d 208, 213; *Roddy v. State, supra,* at 1111. Once the court has determined that a lesser offense is an "included" one, the court must also subject the lesser offense to an evidentiary examination, which we outlined in *Roddy v. State*:

"B. *Methodology*:

"1) Examine the evidence which tends to prove or disprove the commission of the elements which comprise the charged and included offenses.

"2) Determine:

"a) Whether there is evidence of probative value to establish the defendant's commission of all elements of the included offense?

"i) If not, no instruction and form of verdict on the included offense should be given. The inquiry ends.

"ii) If so, subject the included offense to step 2(b) of the inquiry.

"b) Whether the evidence reveals a 'serious dispute' regarding the defendant's commission of the element(s) which distinguish the greater and lesser included offense?

"i) If not, no instruction and form of verdict on the included offense should be given to the jury.

"ii) If so, an instruction and form of verdict on the lesser included offense should be given to the jury."

394 N.E.2d at 1103, fn. 8.

■ Here, there was evidence of probative value [1] to indicate Lewis' commission of the elements comprising the lesser offense of Robbery, Class C, as per subsection 2(a) of the *Roddy* methodology. The evidence does not indicate any dispute, however, concerning Lewis' commission of the element which differentiates Robbery Class B from Robbery Class C—the use of a deadly weapon. Rose Marie Dobrinich, the complaining witness, testified that during the course of the robbery, a sawed-off shotgun was pointed at her and her friend. Dobrinich's testimony was not refuted.[2] As per subsection 2(b) of the *Roddy* methodology, the trial court did not err in its refusal to give an instruction on the lesser, albeit included, offense of Robbery Class C. *See also, Feyerchak v. State* (1978), Ind., 383 N.E.2d 1023, 1026; *Lawrence v. State, supra; Hash v. State* (1972), 258 Ind. 692, 284 N.E.2d 770, 773. To have instructed the jury on the lesser offense of Robbery, Class C would have opened the door for a compromise verdict, the very possibility which the evi-

---

1. Dobrinich testified that on March 11, 1979, as she was stopped in her car in front of Bonita Pindiak's home on Barring Avenue in East Chicago, Indiana, two men jumped out of a nearby car and approached her and Pindiak. According to Dobrinich, one man pointed a shotgun at the women and ordered them to exit the car. After the women were outside the automobile, the men fled with Dobrinich's purse. Dobrinich testified that the incident placed her in fear for her life.

2. Lewis has argued that the fact that Dobrinich's testimony was unrefuted should not be dispositive of the question whether an instruction on Robbery Class C was warranted. Lewis maintains that to make that testimony dispositive is, in effect, to place a defendant in the position whereby he must forego his 5th Amendment right to refuse to testify in order to controvert the evidence regarding the distinguishing element and obtain an instruction on the lesser included offense. We concede that in some instances, among them the circumstances present here, a defendant's 5th Amendment decision not to testify may affect the question whether an instruction is appropriate. At the same time, however, we note that a defendant has no constitutional right to an instruction on a lesser included offense. The propriety of an instruction on a lesser included offense is a matter governed by statute. *See* Ind.Code Ann. § 35–41–1–2 (West 1978) (present law) and IC 1971, 35–1–39–2, Ind.Ann. Stat. § 9–1817 (Burns Code Ed.) (law prior to October 1, 1977). Our Supreme Court has recently held that the "entitlement to included offenses instruction . . . is not a fundamental right . . . ." *Helton v. State*, Ind., 402 N.E.2d 1263. Consequently, Lewis was not forced to assert one constitutional right at the expense of another.

dentiary test is designed to preclude.[3] *Lawrence v. State, supra; Hash v. State, supra.*

## II.

### Reopening of State's Case

█ Lewis maintains that the trial court erred when it permitted the State to reopen its case so that Rose Marie Dobrinich might make an in-court identification of Eddie Lewis as one of the two men who robbed her. The State's request to elicit the in-court identification occurred almost immediately subsequent to the close of its case; the request was motivated by Lewis' Motion for a Directed Verdict, wherein he argued that there was no evidence to establish that he was one of the two men who had robbed Dobrinich.

In response to Lewis' Motion for a Directed Verdict, the prosecutor first argued that Dobrinich had twice identified Lewis during the course of her testimony. The prosecutor, in response to court questioning, stated that "She [Dobrinich] identified his clothing and where he is seated." In response, counsel for Lewis admitted he "could be wrong" about whether Dobrinich had in fact identified Lewis in court.

Thereafter, the State made its request to reopen its case so that Dobrinich might

make a "full identification" of the person who had robbed her. Over Lewis' objection that reopening the case would unduly emphasize Dobrinich's identification, the Court granted the State's request. Dobrinich then unequivocally identified Lewis as one of the men who had robbed her:

"Q  I have one question which I forgot to ask on direct. Is the person who you claim assaulted you and took your vehicle and your purse in this courtroom today?

"A  Yes, he is.

"Q  And can you please describe what he is wearing and where he is sitting?

"A  Seated in the front row. He is wearing a dark brown shirt.

"BY ITSIA RIVERA:

Will the record reflect the witness has identified the Defendant, Eddie Lewis, in this case.

\*      \*      \*      \*      \*      \*

"BY THE COURT:

The record will so reflect the identification."

On appeal, Lewis has again asserted his contention that a Court's granting of the State's request to reopen its case unduly emphasized Dobrinich's in-court identification of him. In so arguing, Lewis points to

**3.** We note that Lewis maintains that there was no potential for a "compromise verdict" in the circumstances before us. He argues—hypothetically—that the jury might have rejected Dobrinich's particular testimony that Lewis was armed with a shotgun, yet believed her testimony that Lewis took her purse by the use of force or fear. The absence of an instruction on the lesser offense, Lewis argues, might consequently have triggered a compromise verdict, for the jury, motivated by a sense of retribution, was compelled to convict him of the only crime on which they received an instruction and form of verdict.

The hypothetical posed by Lewis is not wholly implausible. We cannot, however, assume that a jury acted on the basis of a need to exact retribution rather than in accordance with the instructions of law provided by the court.

Furthermore, under Lewis' rationale, an instruction on the offense of Aiming a Weapon at Another would arguably have been justified, for the jury might have disbelieved Dobrinich's testimony that her purse was taken. Similarly,

it could be said that an instruction on Assault was appropriate, for the jury might have chosen to believe only that Lewis attempted simply to injure Dobrinich. Speculation is not, however, a proper vehicle by which a trial court should gauge the propriety of any instruction; although not recognized by Lewis, the fundamental principle which governs that question of law is that an instruction must conform to the evidence. *Baker v. Masson* (1968), 253 Ind. 348, 242 N.E.2d 513, 515. In the context of the law of lesser included offenses, the principle is effectuated by the rule that, in order for an instruction on a lesser included offense to be warranted, the evidence regarding the element which distinguishes the greater and lesser offenses must be in dispute. *Goodpaster v. State* (1980), Ind., 402 N.E.2d 1239, 1244; *Roddy v. State, supra.* The test outlined in *Roddy v. State, supra,* serves the basic principle and alleviates the need for speculation by our Courts as to the credibility a jury may attach to particular testimony.

the since-transcribed statements of Dobrinich which were made during the State's case-in-chief. He maintains that the identification elicited after the reopening of the State's case constituted a restatement of Dobrinich's earlier testimony. Consequently, he argues, he was prejudiced thereby.

We disagree. Relevant portions of Dobrinich's earlier testimony reads:

"Q Is that person who did that in court today?

"A Yes.

"Q Can you describe what he is wearing, *or* where he is in the courtroom?

"A He is wearing a dark brown shirt." (Emphasis supplied.).

At other points during Dobrinich's testimony, colloquies between the prosecutor and Dobrinich occurred which, while generally tending to establish Eddie Lewis as the man in the "dark brown shirt", never resulted in an unequivocal in-court identification of Lewis *by Dobrinich*:

"Q Miss Dobrinich, how many people were at the line-up?

"A Six.

"Q And at the time, did you indicate to anyone that you identified the person that had come to your car with the weapon?

"A After I did the line-up and picked the one out. That assaulted me, I told the Detective.

"Q Did you pick out the same person that you identified today as Eddie Lewis in this courtroom?

"A Yes.

      *    *    *    *    *    *

"Q And just one final question: Are you sure that the person you have identified today was the person who assaulted you?

"BY CHRIS GIELOW:
  Objection.

"A Yes, I am.

"BY CHRIS GIELOW:
  Going to object. Leading.

"BY THE COURT:
  Sustained."

The question whether a party should be permitted to reopen its case is committed to the sound discretion of the trial court. *Pawloski v. State* (1978), Ind., 380 N.E.2d 1230, 1235. Here, we do not find the abuse of discretion which is necessary to warrant remedial action by this Court. *Maxey v. State* (1969), 251 Ind. 645, 244 N.E.2d 650, 654.

The question asked of Dobrinich during the State's reopening of its case had not been previously asked *and answered*, Dobrinich herself had not unequivocally pinpointed Lewis in the courtroom as one of the men who had robbed her. A party should be permitted to reopen its case to submit evidence which, as here, would have been a proper part of its case-in-chief. *Wells v. State* (1959), 239 Ind. 415, 158 N.E.2d 256, 261. The opportunity for a party to reopen its case includes the chance to cure a claimed insufficiency of evidence. *Eskridge v. State* (1972), 258 Ind. 363, 281 N.E.2d 490, 493.

Furthermore, we are not confronted here with a situation where the State was permitted to reopen its case after the defense had presented its evidence and rested—a situation with greater potential for prejudice to the defendant. Lewis presented no evidence. The State reopened its case immediately subsequent to the close of its case-in-chief; *the final witness for the State had been Dobrinich.* In these circumstances, the argument that undue emphasis was placed on Dobrinich's in-court identification pales. When confronted with somewhat similar circumstances in *Jones v. State* (1978), Ind., 381 N.E.2d 1064, our Supreme Court did not find undue prejudice to the defendant or an abuse of discretion by the trial court.

Finally, the court's decision to reopen the case did not affect the outcome of Lewis' Motion for a Directed Verdict; as the previously-quoted testimony indicates, Dobrinich verified her pre-trial line-up identification of Lewis during the State's case-in-chief. That Motion was without merit, regardless of the evidence offered after the State was permitted to reopen its case.

"A trial is not a game of technicalities, but one in which the facts and truth are sought." *Eskridge v. State, supra.* Here the trial court's decision to permit the State to reopen its case served those ultimate purposes. We find no abuse of discretion.

### III.

### Shotgun-related Evidence

■ Lewis contends that the trial court erred when it admitted a police property receipt and testimony regarding a shotgun which the Lake County Police seized from the automobile Lewis occupied at the time he was apprehended. The shotgun was never admitted into evidence; after it was taken to police headquarters, it was somehow misplaced. The police property receipt was the only tangible evidence of the shotgun's existence which was admitted at trial. Testimony concerning the gun came from Lake County Police Officer Samuel Rodriguez, who described the seizure of the shotgun, his delivery of the gun to the police station, his execution of a property report, and his subsequent attempt to locate the misplaced gun at the station. Lewis specifically argues that the receipt and testimony were inadmissible because there was no evidence to indicate that the shotgun was the weapon used during the robbery.

At trial, however, counsel for Lewis specifically stated that he had "no objection" to the introduction of the property receipt. Consequently, any error concerning the admission of the property receipt has been waived. *Harrison v. State* (1972), 258 Ind. 359, 281 N.E.2d 98, 99; *Winston v. State* (1975), 165 Ind.App. 369, 332 N.E.2d 229, 231.

■ Although Lewis did register an objection at trial to Officer Rodriguez's related testimony, the basis for that objection was different from the grounds now urged on appeal. The objection stated at trial reads:

"Your Honor, Counsel is objecting at this time to any further reference to an item which has been not introduced into evidence. At this point, mainly, the 20 gauge shot gun."

It is well settled that in order to preserve a challenge to the admission of particular evidence, the grounds stated on appeal must be consistent with those argued at trial. *Jones v. State* (1973), 260 Ind. 463, 296 N.E.2d 407, 409; *Hendley v. State* (1974), 160 Ind.App. 338, 311 N.E.2d 849, 853. Lewis has consequently waived his right to challenge the admission of the testimony related to the shotgun property receipt.

■ Finally, we note that Lewis has suggested the doctrine of "fundamental error" bears on the question before us. The applicability of the doctrine to improperly-preserved challenges to the admission of evidence has been rejected. *Winston v. State, supra.*

The judgment of the trial court is affirmed.

GARRARD, P. J., concurs.

HOFFMAN, J., concurs in result.