**Hugh BEECH, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 2–985A304.[1]

Court of Appeals of Indiana,
First District.

Dec. 19, 1985.

Michael R. Fisher, Indianapolis, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee (plaintiff below).

---

**1.** Diverted from the Second District by direction of the Chief Judge.

ROBERTSON, Judge.

Defendant-appellant Hugh Beech (Beech) appeals from a judgment of conviction for dealing in a sawed-off shotgun, a class A misdemeanor.

We affirm.

On January 25, 1985, the Indianapolis police investigated a disturbance at 400 East 25th Street. The investigating officer found Beech in the company of six other black males. The officer ordered the group to halt. A second officer observed Beech turn away and throw an object three to five feet to his right side. A Mossberg .410 sawed-off shotgun was found about 1½ feet away from Beech in the snow.

Beech was tried by court and sentenced to a term of one year in the Marion County Jail. On appeal, Beech raises three issues:

1) Whether there was sufficient evidence of probative value to support the judgment of conviction;

2) Whether the sawed-off shotgun was admitted into evidence without a proper foundation;

3) Whether it was reversible error for the trial court to perform its own measurement on the sawed-off shotgun.

ISSUE ONE:

Beech asserts that the State did not sustain its burden of proving the elements of dealing in a sawed-off shotgun. IND. CODE § 35–47–5–4 (Supp.1984) provides:

(a) A person who:

(1) manufactures;

(2) causes to be manufactured;

(3) imports into Indiana;

(4) keeps for sale;

(5) offers or exposes for sale; or

(6) gives, lends, or possesses; any sawed-off shotgun commits dealing in a sawed-off shotgun, a Class D felony.

According to Beech, the evidence was not sufficient to show that he had possession of a sawed-off shotgun.

The term "possession" as used in I.C. 35–47–5–4 means knowing control or custody. *Doss v. State,* (1984) Ind.App., 470 N.E.2d 732, 733. At Beech's trial, police testified that it is common for the carrier of a sawed-off shotgun to carry the weapon on the shoulder under a long coat; when necessary, the shoulder is dropped and the gun falls away. Beech was wearing such a long coat, and an officer saw Beech throw an object to his right. A sawed-off shotgun was found in the area where the officer assumed the object would have landed.

When confronted with a claim of insufficient evidence, the court of appeals neither reweighs the evidence nor assesses the credibility of the witnesses. The reviewing court considers only the evidence most favorable to the State and all reasonable inferences to be drawn from that evidence. The trier of fact may draw reasonable inferences from facts established either by direct or circumstantial evidence, and a guilty verdict may be based solely upon circumstantial evidence. *Tunstall v. State,* (1983) Ind., 451 N.E.2d 1077, 1079. Guided by this standard of review, we determine that the evidence of Beech's possession of a sawed-off shotgun was sufficient to convict.

ISSUE TWO:

For his second issue, Beech contends that the sawed-off shotgun was admitted into evidence without a proper chain of custody being established. To establish a chain of custody, the State must provide evidence that strongly suggests the exact whereabouts of the item proffered while in the possession of the police. The rule applies with diminishing strictness as the item concerned becomes decreasingly susceptible to alteration, tampering or substitution. *Lilly v. State,* (1985) Ind., 482 N.E.2d 457, 459. If the offered item possesses characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is relatively impervious to change, the trial court is viewed as having broad discretion to admit it merely upon the basis of testi-

mony that the item is the one in question and is in a substantially unchanged condition. *Dier v. State*, (1982) Ind., 442 N.E.2d 1043, 1046.

In the instant case, the investigating officer seized the shotgun as evidence and kept it in his possession for forty-five minutes, until it was placed in the police property room where it was tagged as 182418FA. The officer testified that he retrieved the weapon from the property room and transported it to trial, and that the shotgun was in the same condition as when it was obtained at the scene. The weapon was described as having a shoulder strap or holster and as varying in color from the other gun seized at the scene. The officer's testimony established a chain of custody.

## ISSUE THREE:

The final allegation of error focuses upon the trial court's decision to measure the shotgun to determine that the weapon's dimensions complied with the statutory definition of a sawed-off shotgun. *See* IND. CODE § 35–47–1–10 (Supp.1984). The trial court's action occurred following Beech's motion for a directed verdict on the ground that there was no evidence concerning the length of the weapon.

Although we do not endorse the trial court's decision to measure the shotgun, the action did not constitute reversible error. In its discretion, the trial court could have permitted the State to reopen its case to prove the length element of the charged offense. *See, e.g., Tobias v. State*, (1985) Ind., 479 N.E.2d 508. (State permitted to reopen its case to provide evidence of the weight of the controlled substance seized from defendant); *Jones v. State*, (1978) 269 Ind. 543, 381 N.E.2d 1064 (State's case reopened to present evidence of defendant's age). The shotgun was measured in the police property room; the officer who measured the weapon could have testified as to its length. Given Beech's claim of insufficient evidence, "the State should have had an opportunity to supply such insufficiency or reopen the case for that purpose, even after it had rested, since a trial is not a game of technicalities, but one in which the facts and truth are sought." *Eskridge v. State*, (1972) 258 Ind. 363, 369, 281 N.E.2d 490, 493.

We further note that Beech was tried by the court and not by a jury. The trial court is allowed a wider latitude in its role as a factfinder than would be allowed when it sits as a judge in a jury trial. *Belcher v. Buesking*, (1978) 175 Ind.App. 322, 371 N.E.2d 417.

We recognize and reiterate that a trial judge must maintain an impartial manner and refrain from acting as an advocate for either party. *Peek v. State*, (1983) Ind. App., 454 N.E.2d 450. Yet, because the evidentiary insufficiency could have been cured by the State by reopening its case, and because Beech was tried by court, the trial judge's action did not constitute reversible error.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.