**George M. SAUNDERS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 04A03–0306–CR–216.**

Court of Appeals of Indiana.

April 28, 2004.

Benjamen W. Murphy, Walter J. Alvarez, P.C., Crown Point, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

George M. Saunders appeals his convictions for sexual misconduct with a minor as a Class B felony and sexual misconduct with a minor as a Class C felony.[1] He raises three issues, which we restate as:

1. Whether the trial court erred in allowing testimony that Saunders and his victim had matching tattoos and that Saunders instructed the victim's younger sister to call the victim "mom";

2. Whether the trial court erred in allowing two police officers to testify as to what the victim told them about Saunders' acts; and

3. Whether the trial court erred in declining to grant Saunders' motion for judgment on the evidence and then allowing the State to reopen its case in order to identify Saunders.

We affirm.

## FACTS

When T.S. turned fourteen, Saunders, her stepfather, began paying more attention to her. In 2001, on the weekend after her fourteenth birthday, Saunders took T.S. to the Boswell Motel in Benton County, purportedly as part of a deer hunting trip. As T.S. was showering, Saunders joined her and they washed each other. Afterward, Saunders and T.S. went to sleep in separate beds. During the night, Saunders told T.S. he had a bad dream and got into bed with her. He fondled her genital area and inserted his finger into her vagina.

In April of 2001, Saunders and T.S. returned to the Boswell Motel, purportedly to scout areas where turkeys might be found. T.S. dressed in a nightgown Saunders had bought her. Saunders fondled T.S.'s vagina and caused her to masturbate him. He then had sexual intercourse with her.

## DISCUSSION AND DECISION

### 1. Improper 404(b) Evidence

■ Saunders argues the trial court violated Ind. Evidence Rule 404(b) in allowing testimony that Saunders and T.S. had matching tattoos and that Saunders in-

---

1. Ind.Code § 35–42–4–9. Saunders was convicted of two counts of sexual misconduct with a minor as Class C felonies, but sentenced on only one.

structed T.S.'s younger sister to call T.S. "mom."

■ The rule provides in pertinent part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Evid. R. 404(b). The rule was designed so that the State could not punish a person for his character by relying on evidence of uncharged misconduct. *Lee v. State*, 689 N.E.2d 435, 439 (Ind. 1997), *reh'g denied.*

The State contends the testimony Saunders complains of was relevant to show knowledge or consciousness of guilt. Typically, testimony showing knowledge of guilt has been admissible as relevant evidence. *Robinson v. State*, 720 N.E.2d 1269, 1272 (Ind.Ct.App.1999).

T.S. testified Saunders proposed the matching tattoos in order to "brand" T.S. so people would know she was his. (Tr. at 80.) The tattoos were in German and meant "soulmate" or "soul walker." (*Id.*) Saunders contends "evidence of a tattoo that Saunders and the alleged victim received that meant "soul mate" and evidence that Saunders instructed a witness to call the victim "mom" reflected adversely on Saunder's [sic] character." (Br. of Appellant at 17.)

We need not decide whether this evidence was improperly admitted, as the erroneous admission of evidence does not warrant a reversal and new trial unless the admission affected the substantial rights of the party. Evid. R. 103(a); Ind. Trial Rule 61; *and see Berry v. State*, 715 N.E.2d 864, 867 (Ind.1999) (an error in admitting evidence is harmless if its probable impact on the jury, in the light of all of the evidence in the case, is sufficiently

minor so as not to affect the substantial rights of the parties).

T.S. testified Saunders fondled her and inserted a finger into her vagina, and at a later time he fondled her and then had sexual intercourse with her. Given this testimony, it is unlikely the testimony that Saunders and T.S. had matching tattoos and that Saunders asked T.S.'s younger sister to call her "mom" affected Saunders' substantial rights. The testimony Saunders complains of therefore does not warrant reversal.

### 2. Hearsay Testimony of Two Police Officers

■ When T.S. first talked to the police and the Newton County Office of Family and Children, she denied anything improper had happened. Later, after being removed from the home, T.S. told the officers of Saunders' acts. After T.S. testified at trial, two police officers were called to testify as to what T.S. had told them. Saunders contends this testimony "was hearsay offered to bolster or vouch for T.S. and did not fall under IRE 801(B)(1)(b) [sic] nor was it proper rehabilitative testimony." (Br. of Appellant at 19–20.)

T.S. freely admitted during direct examination that she had not told the police officers at first about Saunders' actions. She also admitted she was not good with dates, and instead remembered things by what happened. The police officers' testimony merely confirmed that the first statement T.S. gave the police was different from her second statement. As she had already testified to this, the police officers' testimony was cumulative and Saunders is not entitled to a reversal. *See Tobar v. State*, 740 N.E.2d 106, 108 (Ind. 2000) (erroneous admission of evidence

that is merely cumulative is not grounds for reversal).

■ Saunders also complains the trial court erred when it declined to admit the first information that was filed against him. Without citation to authority, he argues it should have been admitted to show T.S.'s testimony changed during the course of this case. Even if this was error, it was harmless. Saunders had the opportunity to, and did, cross-examine T.S. at length regarding her different stories.

### 3. *Denial of Motion for Judgment on the Evidence*

■ At the close of the State's case, Saunders moved for judgment on the evidence based on the State's failure to identify Saunders as the person accused. The trial court denied Saunders' motion, then allowed the State to re-open its case so T.S. could identify Saunders. Saunders alleges this was error, as he was prejudiced by the identification.

■ A party should generally be afforded the opportunity to reopen its case to submit evidence that could have been part of its case in chief. *Ford v. State,* 523 N.E.2d 742, 746 (Ind.1988). Whether to grant a party's motion to reopen its case after having rested is a matter committed to the sound discretion of the trial judge. *Jones v. State,* 472 N.E.2d 1255, 1259–60 (Ind.1985). The factors that weigh in the exercise of discretion include whether there is prejudice to the opposing party, whether the party seeking to reopen appears to have rested inadvertently or purposely, the stage of the proceedings at which the request is made, and whether any real confusion or inconvenience would result from granting the request. *Flynn v. State,* 497 N.E.2d 912, 914 (Ind.1986).

In *Jones v. State,* 269 Ind. 543, 548, 381 N.E.2d 1064, 1067 (1978), no abuse of discretion was found when the State was allowed to reopen its case to present evidence of the defendant's age. The State both rested and moved out of the presence of the jury to reopen its case. Our supreme court held "no real confusion or inconvenience [was] occasioned by the reopening of the state's case." Similarly, in *Lewis v. State,* 406 N.E.2d 1226, 1231 (Ind. Ct.App.1980), there was no abuse of discretion in allowing the State to reopen its case to present identification testimony where the State sought to reopen immediately after the close of its case-in-chief and where the witness to be presented in reopening was the last witness in its case-in-chief. The court reasoned there was therefore no undue emphasis on the witness's reopening testimony. *Id.* at 1230.

The identification evidence T.S. offered after the case was reopened was evidence that could have been part of the State's case-in-chief. Even though T.S. was not the State's last witness, she had been re-called to the stand at least once after her initial direct and cross examination in order to answer a juror's question. As a result, it is not apparent that undue emphasis could have been placed on her return to the stand to identify Saunders. The trial court's grant of the State's motion to reopen its case was not an abuse of discretion.

Affirmed.

BAKER, J., and NAJAM, J., concur.