## BURNETT *v*. STATE OF INDIANA.

[No. 569-S-102. Filed February 24, 1970. Rehearing denied April 3, 1970.]

*Patrick J. Hadler,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John B. Ramming,* Deputy Attorney General, for appellee.

HUNTER, C.J.—Appellant was charged by affidavit with the crime of auto banditry. Trial without a jury in the Marion County Criminal Court, Division One, resulted in appellant's conviction and sentence to the Indiana State Prison for not less than one [1] nor more than five [5] years.

Looking first to the evidence most favorable to the appellee and all inferences to be reasonably drawn therefrom, we note the occurrence of the following events. At approximately 11:00 o'clock P.M. on December 9, 1967, the janitor at Jack Kidwell Electric Co., Inc., noticed two men attempting to break into the building. He immediately called the police who arrived within minutes and apprehended the men, one of whom was appellant. Backed up next to the building was found an automobile with its trunk open; the evidence indicated that the car had not been there earlier in the evening. In the area were found various articles including a crowbar and large screwdriver on the window ledge of the window from which the men were allegedly attempting to enter the building.

Appellant raises several points for our consideration, the first of which is that the decision of the trial court is contrary

to law in that the affidavit fails to charge a crime and is thus a nullity. The affidavit striking the caption by which appellant was charged reads as follows:

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came WILLIAM W. WHITE who, being duly sworn, upon his oath says that ASHTON E. BURNETT and JOHN MARTIN YOUNG on or about the 9th day of DECEMBER, A.D. 1967, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously and burglariously attempt to break and enter into the building and structure of JACK KIDWELL ELECTRIC CO., INC., a corporation, then and there situate at 1331 NORTH CAPITOL AVENUE, City of Indianapolis, County of Marion, State of Indiana, which said building and structure was not a place of human habitation, with the intent to commit a felony therein, to-wit: to unlawfully and feloniously and knowingly obtain and exert unauthorized control over property of said JACK KIDWELL ELECTRIC CO., INC., a corporation, and to deprive said JACK KIDWELL ELECTRIC CO., Inc., a corporation, permanently of the use and benefit of said property, and at said time and place had on or near the premises whereon said felony was so attempted by them an automobile, by the use of which they intended to escape, then and there being . . . contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The statute under which appellant was convicted appears at Ind. Ann. Stat. § 10-4710 (1969 Supp.) and reads in the following terms:

"If any person or persons shall commit or attempt to commit a felony, having at the time on or near the premises where such felony is attempted or committed, an automobile, motorcycle, aeroplane, or other self-moving conveyance, by the use of which he or they escape, attempt to escape or intend to escape, or having attempted or committed such felony, he or they seize an automobile, motorcycle, aeroplane, or other self-moving conveyance, by the use of which he or they escape or attempt to escape, he, they and each of them shall be guilty of automobile banditry, and, upon conviction thereof, shall be imprisoned in the

state prison for not less than one [1] year nor more than five [5] years."

It is appellant's contention essentially that the affidavit is not sufficient wherein it sets out the felony from which he was attempting to escape, since it fails to apprise appellant of the specific offense which the state claims he intended to commit. Apparently this argument arises from the state's failure to include the words *with intent* in that portion of the affidavit describing the offense of burglary, to-wit: ". . . and [with intent] to deprive said Jack Kidwell Electric Co., Inc., . . ."

Although we do not deem such an omission in this particular case on a charge of auto banditry to be fatal [see *Bays* v. *State* (1959), 240 Ind. 37, 159 N. E. 2d 393.] appellant cannot now be heard to raise the issue, he having failed to object to the form of the affidavit prior to the instant appeal. This Court has often held that the sufficiency of an indictment or affidavit cannot be challenged initially on appeal but such question must be presented first to the trial court. *Turner* v. *State* (1968), 249 Ind. 533, 233 N. E. 2d 473; *Chambers, Griffith* v. *State* (1966), 247 Ind. 445, 215 N. E. 2d 544; *Garland* v. *State* (1958), 237 Ind. 528, 146 N. E. 2d 413; *Obie* v. *State* (1952), 231 Ind. 142, 106 N. E. 2d 452; *Lindsay* v. *State* (1924), 195 Ind. 333, 145 N. E. 438; *Waliski* v. *State* (1922), 193 Ind. 232, 139 N. E. 363. The two methods by which such a question may be raised in the lower court are on a motion to quash (Ind. Ann. Stat. § 9-1129 [1956 Repl.]) or on a motion in arrest of judgment (Ind. Ann. Stat. § 9-2001 [1956 Repl.]). No such motion having been made in the instant case, any alleged deficiency in the affidavit has been waived.

Appellant next asserts that the evidence presented was insufficient to sustain the conviction in that it failed to establish appellant's intent to escape by use of an automobile. However there would appear to be ample evidence from which such an intent could be reasonably inferred. The automobile located on the premises at the time appellant was apprehended had

not been there earlier in the evening. Further, it was identified as belonging to appellant. Interestingly enough, it was found backed up near the building with the trunk lid open; various tools were discovered inside the trunk; the engine was still "fairly warm" when police arrived on the scene. From the foregoing, a reasonable inference is that appellant intended to use the car to escape once having effected the burglary.

Appellant contends that the mere fact that he had an automobile on the premises does not evidence an intent to use it to escape. It is further argued that the car was parked where it reasonably might be expected to be found—in the parking lot of an automobile electric firm in the business of repairing automobiles.

This court will readily concede that the fact that appellant's car was found on the premises does not, by itself, support an inference of intent to use it in an escape. Its presence however is not to be viewed in isolation but must be considered against the total fact situation as presented by the record. The evidence shows that appellant was caught in the act of breaking into Kidwell's business establishment; a car known to have been used by him was positioned in such a manner as to indicate that he intended to use it upon the completion of the burglary. These facts cannot be overlooked.

It is also argued that appellant could not have intended to escape by automobile since he ran *away* from the car upon the appearance of the police officers. As appellee points out however, the police cruiser intially pulled up next to the parked car. The fact that appellant ran in the opposite direction hardly negates the inference that he had originally intended to use the vehicle to effect an escape.

Appellant makes an attempt to challenge the evidence which tends to prove his ownership of the car. Ownership however, is not an element of auto banditry. The evidence presented showed that the car had been seen in appellant's possession on previous occasions. In addition, the evi-

dence already mentioned is sufficient from which an inference might be drawn that appellant had access to the car and intended to use it to effectuate an escape.

A conviction will be sustained if there is substantial evidence of probative value on all facts essential to support the conviction. *Gaddis* v. *State* (1969), 253 Ind. 73, 251 N. E. 2d 658; *King* v. *State* (1968), 249 Ind. 699, 234 N. E. 2d 465. Further discussion in this case would be useless rhetoric for which this court has neither the time nor the inclination.

For all the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn and Givan, JJ., concur; DeBruler and Jackson, JJ., dissent.

NOTE.—Reported in 255 N. E. 2d 529.