Clyde T. CARMAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 379S84.

Supreme Court of Indiana.

Nov. 5, 1979.

George T. Popcheff, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was tried by jury and convicted of robbery as a class B felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.). He was sentenced to imprisonment for a term of twenty (20) years. His direct appeal presents the following issues:

(1) Whether the trial court erred when it overruled Defendant's motion for a mistrial predicated upon the judge's error in stating to prospective jurors, during voir dire, that they were not the judges of the law.

(2) Whether the trial court erred in admitting into evidence, over timely objection, a hammer found at the scene of the crime.

(3) Whether the trial court erred in permitting the State to question its own witness, the defendant's alleged accomplice, regarding the defendant's involvement in the robbery charged.

(4) Whether the trial court erred in refusing to grant Defendant's motion to strike testimony that disclosed that the defendant had been identified as a participant in the crime, in a police line-up.

\* \* \*

ISSUE I

During voir dire, the trial judge stated to prospective jurors that they were not the "judges of the law" and added that they would be instructed on the law. Later, outside the presence of the jury, defense counsel moved for a mistrial based upon the judge's remark which counsel argued was in contravention of Article I, Section 19, of the Constitution of Indiana. The motion was overruled and the court stated it would cover the area in its first preliminary instruction. The jury returned and the court,

in pertinent part, instructed them: "You are also the finders of the law that applies to this case, being guided by the instructions given by the judge."

On appeal the defendant asserts that the judge's statement was "directly contrary" to Article I, Section 19 of the Constitution of Indiana which states: "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." It is his position that the comment constituted such prejudicial error as to be insusceptible of correction.

*Townsend v. State,* (1897) 147 Ind. 624, 47 N.E. 19, presented a similar issue. In *Townsend* the Court, during voir dire, remarked, "This jury is not here to try the constitutionality of this law." On appeal, this Court declared that there was no error, especially where "the court, at the proper time, among other things, instructed the jury that, under the constitution of the state, they had the right to determine the law for themselves." 147 Ind. at 637, 47 N.E. at 23.

In discussing Section 19 of Article I, this Court has stated:

"This constitutional mandate has never been construed as restricting the power of a trial court to declare the law to a jury, but it has been said in numerous cases that this must not be done in a manner calculated to bind the consciences of the jurors or restrict them in their right under the Constitution to determine the law for themselves."

*Burris v. State,* (1941) 218 Ind. 601, 604, 34 N.E.2d 928, 929.

■ Although our Constitution grants to juries the right to determine the law, it is to do so under the guidance of the trial judge, and in so doing, it may not disregard the law. *Beavers v. State,* (1957) 236 Ind. 549, 141 N.E.2d 118. Hence the jury's right to determine the law is not without limitation.

■ A defendant is entitled to a fair trial but not to a perfect one. *White v. State,* (1971) 257 Ind. 64, 272 N.E.2d 312. Every error that occurs, therefore, does not entitle

him to have a mistrial declared. A trial judge has broad discretion in determining whether or not to declare a mistrial, and ordinarily the prerogative to declare one will be exercised only as a last resort, i. e. only when the circumstances are such that the trial cannot be continued without subjecting the defendant to grave peril of grievous error. *White v. State, supra.* Here, although the judge's voir dire comment was incorrect, it was subject to being corrected and was corrected. Further, in context, there is no basis for believing that the defendant's fundamental rights to a fair trial were prejudiced.

### ISSUE II

The victim, Florence Wheeler, testified that she awoke and found a man in her bedroom. He held a "knife or something" in his hand but, as it was fairly dark in the room, she could not see exactly what he held. After the man left her home, a hammer was found on her bed. She testified that the hammer had not been in her room when she went to bed.

■ The hammer was admitted into evidence over defense counsel's objection that he had not been permitted to examine the exhibit pursuant to the court's pre-trial discovery order. On appeal, however, the defendant asserts that there was not a proper evidentiary foundation in that the State failed to connect or link the hammer to him. It is well settled that the grounds for objection to the admission of evidence asserted on appeal may not differ from those raised at trial. E. g., *Clark v. State,* (1978) Ind., 380 N.E.2d 550; *Jones v. State,* (1973) 260 Ind. 463, 296 N.E.2d 407.

■ Had the defendant objected at trial on the basis of the State's failure to establish a positive link between the hammer and the defendant, the evidence still would have been admissible. Here, it is sufficient that the offered exhibit was linked to the scene of the crime. *See, State v. Moore,* (1979) Ind.App., 391 N.E.2d 665. That the connection with the defendant is inconclusive goes to the weight of the evidence but does not

render it inadmissible. It has been previously stated:

"[P]ositive proof or positive authentication of evidence has not been required prior to its admission, *Elliott v. State,* (1972) 258 Ind. 92, 279 N.E.2d 207. Such is the nature of circumstantial evidence, it is the function of the trier-of-fact to weigh the evidence and to draw inferences therefrom."

*Collins v. State,* (1977) 266 Ind. 430, 435, 364 N.E.2d 750, 753.

## ISSUE III

David Biggers, the defendant's alleged accomplice, was called as a State's witness. The trial prosecutor questioned Biggers about the plea agreement he had entered into and also asked him about the robbery with which the defendant was charged. Biggers' responses were vague and he usually answered that he could not remember or did not know any details. Defense counsel eventually objected that the State was attempting to impeach its own witness. The objection was sustained. The prosecutor then asked Biggers two more questions about the specifics of the robbery. Each time defense counsel objected that the question had been asked and answered; both objections were overruled.

■ On appeal the defendant argues that the "repeated questions by the prosecutor prejudicially created an inference" that the defendant was involved in the robbery charged here. Again the defendant has urged, on appeal, grounds different than those asserted at trial. The grounds for objection on appeal must be the same as those offered at trial. *See* Issue II. Additionally, the defendant's allegation is not supported by cogent argument and no authority is cited. It is not, therefore, subject to review. Ind.R.App.P. 8.3(A)(7).

■ Nevertheless, a brief review of the defendant's argument shows that it is without merit. The record reveals that references to the defendant's involvement were not "repeated." Had the questions been repetitious, it was within the discretion of

the trial court to permit them where they had not been satisfactorily answered. *See Shuemak v. State,* (1970) 254 Ind. 117, 258 N.E.2d 158. However, if the questions were indeed erroneous, it is the defendant's responsibility to demonstrate that the error complained of was prejudicial. *Hester v. State,* (1974) 262 Ind. 284, 315 N.E.2d 351. The defendant has failed to do this, and we fail to perceive how the State's failure to bring forth, from its own witness, testimony incriminating of the defendant can be prejudicial, other than to the State's own position.

## ISSUE IV

Glenn Morgan, an Indianapolis police officer, testified that he conducted a lineup in which State's witness, Terry Curtis, identified the defendant. The defendant moved to strike all of Officer Morgan's testimony regarding the lineup and asked that the jury be admonished to disregard that testimony. The trial court overruled those motions, and the defendant contends the trial court erred when it did so.

■ The record reveals that defense counsel made no objections during direct examination of Officer Morgan. Further, defense counsel conducted extensive cross-examination regarding the lineup before he made any motions regarding Officer's Morgan's testimony. Where there is an opportunity to object, the defendant may not wait until evidence has gone into the record and then, after finding it to be unfavorable, ask that it be stricken or that the jury be admonished. *Reid v. State,* (1978) Ind., 372 N.E.2d 1149; *Emerson v. State,* (1974) 261 Ind. 436, 305 N.E.2d 435.

■ Defendant argues, however, that all testimony regarding the lineup should have been stricken because the lineup was conducted at a critical stage of the proceedings against him and without counsel. In this, he is in error.

The United States Supreme Court, in *Kirby v. Illinois,* (1972) 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, held that the right to counsel does not attach until "judicial ad-

versary proceedings" have been commenced. In Indiana such proceedings are initiated by filing an information or indictment. Ind.Code § 35–3.1–1–1 (Burns 1979 Repl.). Therefore, in Indiana, there is no right to counsel at a lineup held prior to the filing of formal charges by way of either information or indictment. *Winston v. State,* (1975) 263 Ind. 8, 323 N.E.2d 228. The record here reflects that the lineup was held on February 15, 1978, and the information was filed on February 16, 1978.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.