Ralph REED, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 981S267.

Supreme Court of Indiana.

Aug. 10, 1982.

Michael R. Franceschini, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Burglary, Ind.Code § 35–43–2–1 (Burns 1979) and sentenced to fifteen (15) years imprisonment. This direct appeal seeks review upon the following issues:

(1) Whether there was a fatal variance between the allegations in the information and the evidence introduced at trial.

(2) Whether the trial court erred in sentencing the defendant.

(3) Whether the filing of an habitual offender charge denied Defendant his constitutional right to elect whether or not to testify.

On January 21, 1980, police were summoned to 2033 North Ralston Avenue and found a window pane had been recently broken in a door of the residence. Shortly thereafter, they observed a heavily clothed male jump out a window of the house. After a brief flight from the police this suspect was apprehended, a screwdriver was removed from his possession, and he was arrested. The police then checked the residence and found a number of rooms in disarray, a pillow case filled with a child's possessions, and a previously locked window open.

\*       \*       \*

**ISSUE I**

The information charged that Defendant broke and entered into the dwelling of Leroy Cross, etc. with the intent to commit the felony of theft therein " \* \* \* that is, with intent to knowingly exert unauthorized control over the property of Leroy Cross \* \*." The evidence disclosed that Defendant broke and entered into the dwelling of Cross and, while therein, rummaged through the contents of the dwelling and filled a pillow case with items of personal property that belonged to a person other than Cross.

It is Defendant's contention that the evidence disclosed that Cross was in possession of neither the dwelling broken into nor of the personal property therein disturbed and that the variances between the charge and the proof were fatal.

■ Consistency between the allegations charged and the proof adduced is required out of deference for the accused's constitutional right to be informed of the nature and cause of the accusation in sufficient detail to enable him to prepare his defense, to protect him in the event of double jeopardy and to define the issues so that the court will be able to determine what evidence is admissible and to pronounce judgment. *Bays v. State*, (1959) 240 Ind. 37, 159 N.E.2d 393, *Lewellen v. State*, (1976) 265 Ind. 483, 358 N.E.2d 115. We find no variances between the allegations and the proof that impinged upon the defendant's rights in any of these respects.

■ Although Leroy Cross was neither the owner nor the primary tenant of the dwelling broken into, he resided there with the primary tenant, Betty Turner, also sometimes known as "Betty Cross, and both kept their personal effects there. The dwelling was further described in both the information and the evidence by its location, '2033 North Ralston Avenue, Indianapolis, \* \* \*.' " There was, therefore, no room for confusion with regard to the premises burglarized.

In regard to the allegations and proof with respect to the felony (theft) intended

to be committed within the dwelling, it was not necessary to allege who owned or had the right to possess the property disturbed. The allegation that it was the property of Leroy Cross was surplusage and not misleading in any material respect. Defendant has equated the specificity required in a charge of theft to that required in a charge of burglary. It is not the same.

In a charge of burglary, it is not sufficient merely to allege an intent to commit a felony without specifying the particular felony intended. However, the particularities of the intended or "ulterior" felony need not be charged. *Bays v. State, supra.* The critical aspect of a charge of burglary, in addition to the breaking and entering is the intent with which the breaking and entering were done. The information alleged the intent to commit a theft, and the evidence clearly sustained a finding that such intent was present.

There was no material variance in this case.

### ISSUE II

■ Defendant contends that the trial court erred in increasing his sentence by five years beyond the basic or presumptive term provided by Ind.Code § 35–50–2–5 (Burns 1979).

The record of the trial court's finding of aggravating circumstances follows:

"The Court having read the pre-sentence and the plea agreement does find that there are aggravating circumstances due to the length of the record of criminal activity of the defendant; however, since his last activity was some years ago, would sentence him to a period of time of fifteen years * * *."

This record is deficient in that it merely repeats the conclusory language of Ind. Code § 35–4.1–4–3 (35–50–1A–3 (Burns 1979)) and does not detail the facts that provide the basis for enhancement.

Although the sentence was pronounced prior to *Page v. State,* (1981) Ind., 424 N.E.2d 1021, the trial court must, nevertheless, be held to the principles announced in that decision. The Defendant and trial court may review the presentence report and find no objections therein, but this is not enough. "Factors listed as mitigating or aggravating, while factual in nature, are ultimate facts and require a finding of subsidiary facts to support them. For example, if a defendant has a history of criminal activity, the incidents comprising such history need be recited * * *." *Page* at 1023. Such a report "will not only be helpful to the reviewing court but will benefit the trial judge as well, if the chore be approached with a view towards assuring a stranger to the case that the sentence imposed was fair and reasonable * * *." Id.

For the reasons related in *Page, supra,* we find this record to be inadequate to inform us of the reasons and logic supporting the sentencing. We remain unsure, because we are ill advised, that the addition of five years to the basic sentence of ten years for this defendant is justifiable.

The cause is therefore remanded to the trial court to state its reasons for enhancing the basic sentence, or alternatively, to modify the sentence. *Kern v. State,* (1981) Ind., 426 N.E.2d 385.

### ISSUE III

Defendant next alleges that the State's filing of an habitual offender charge against him denied him due process. He contends that he was thereafter compelled to choose between testifying in his own behalf and thereby becoming subject to cross-examination that could expose him as an habitual offender and influence the jury in its deliberations on the habitual offender count, and not testifying.

Defendant requests that we overturn our previous decisions that permitted the cross-examination of defendants with respect to prior convictions where the State also presented independent evidence of prior convictions in separate habitual offender proceedings. *Jameison v. State,* (1978) 268 Ind. 599, 377 N.E.2d 404, *Griffin v. State,* (1981) Ind., 415 N.E.2d 60, 64, *Gilmore v. State,* (1981) Ind., 415 N.E.2d 70, 73, *Williams v. State,* (1981) Ind., 419 N.E.2d 134.

A Defendant has a right under the Fifth Amendment to refrain from taking the witness stand and to preclude being asked to do so. *Benton v. Maryland*, (1969) 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. These are rights that entail both benefits and detriments for an accused. A Defendant by taking the witness stand may support his defense; but, in so doing, he exercises his option and is bound by the consequences. As we explained in *Jameison, supra*, where the bifurcated trial requirements for an habitual offender proceeding have been complied with, the Defendant-witness' credibility may be impeached by showing prior convictions for crimes involving dishonesty.

Defendant contends that by filing the habitual offender count and thereby placing him in the position of suffering undesirable tactical consequences regardless of whether he did or did not testify, his due process rights were violated in the manner proscribed by *Doyle v. Ohio*, (1976) 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91, wherein it was held that it would be fundamentally unfair and a violation of due process to allow an arrested person's silence to be used to impeach an explanation subsequently offered at trial. We think the position of Defendant may not be thusly equated to that of *Doyle*. Doyle was protected against the use, by the state, of his constitutional right to remain silent, to his detriment. *Doyle* does not shelter an accused from inferences, if not state induced, that a jury may draw from the exercise of such right. Similarly, the state would not have been permitted to comment, in the habitual offender proceedings, upon the defendant's failure to testify; and he would have been entitled to an instruction advising that no adverse inference could be drawn from his failure to testify. *Carter v. Kentucky*, (1981) 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241.

Judgment affirmed. Cause remanded to the trial court to re-sentence the defendant in conformity with the requirements of *Page v. State, supra*.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.