Juan C. BLACKMON, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 982S344.

Supreme Court of Indiana.

Nov. 1, 1983.

986.2(1)

M. Anne Wilcox, Ralph Ogden, J. William DuMond, Wilcox, Ogden & DuMond, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Juan C. Blackmon, was convicted of burglary, a Class B felony, Ind.Code § 35–43–2–1 (Burns 1983 Supp.) and for being an habitual offender, Ind. Code § 35–50–2–8 (Burns 1983 Supp.). The defendant was sentenced to fifty years' imprisonment. On this direct appeal, the defendant raises the following issues:

1. Whether the trial court committed fundamental error in not giving any jury instruction stating each element of the offense charged;

2. Whether the evidence was sufficient to sustain the defendant's conviction for burglary beyond a reasonable doubt;

3. Whether the trial court erred in allowing a sheriff's deputy to give his opinion about the reaction of burglars;

4. Whether the evidence was sufficient to sustain the defendant's conviction as an habitual offender beyond a reasonable doubt; and

5. Whether the court erred in sentencing the defendant to a term of twenty years on the underlying offense.

The facts most favorable to the state show that on September 16, 1981, Cheryl Childress observed a man looking through the front door of her condominium located in Indianapolis. She sent her son, John, to find out who it was. Before John reached the door, the stranger knocked and asked for directions to another residence. This stranger was later identified as the defendant.

A few minutes later a neighbor of the Childresses reported to John that he had seen a man looking into windows of other condominiums in the complex. Thus, before leaving for work, Cheryl Childress locked all of her windows and doors, with the exception of a window in an attached garage. She also did not lock the overhead door to the garage, since the door was off its hinges and difficult to raise.

A few minutes after Cheryl and John left their condominium, a neighbor saw the defendant attempt to raise the door to the Childress's garage. The defendant was unable to do so, and the neighbor then observed the defendant enter through the open window. The neighbor called the police, who arrived shortly thereafter. A sheriff's deputy apprehended the defendant, and the neighbor identified him as the one who had entered the garage.

### I.

The defendant's first assertion of error stems from the trial court's Final Instruction Number 4, which stated:

"The crime of burglary is defined by statute as follows:

"A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling.

"To convict the defendant the state must have proved each of the following elements:

"1. Broke and entered
2. The building or structure of another
3. With intent to commit a felony in it.

"If the state failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

"If the state did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of burglary, a Class C felony.

"If the state further proved beyond a reasonable doubt that the burglary was committed while armed with a deadly weapon (or) the building or structure was a dwelling, you should find the defendant guilty of burglary, a Class B felony."

The defendant contends this instruction was insufficient in that it failed to define the term "felony." The defendant argues that the jury could have therefore returned a guilty verdict upon a finding that the defendant broke and entered with the intent to commit *any* criminal act the jury considered to be a felony. The defendant further contends that the final instructions as a whole were insufficient since they failed to inform the jury that specific intent, rather than general unlawful intent, was required to sustain the conviction of burglary. As a result, the defendant asserts the trial court committed fundamental error by failing to give an instruction stating each element of the offense charged.

■ We have consistently held that it is up to the discretion of the trial court whether to give an instruction including definitions. *Coonan v. State,* (1978) 269 Ind. 578, 382 N.E.2d 157; *Stevens v. State,* (1976) 265 Ind. 396, 354 N.E.2d 727. The above instruction was a correct statement of the law, and the failure to define "felony" was not an error.

■ Nor is the failure to instruct the jury on specific intent fatal. In *Banks v. State,* (1976) 265 Ind. 71, 351 N.E.2d 4, we held that use of the word "specific" was not necessary to convey to the jury the definition of burglary. As noted in *Banks,* the word is not even contained in the statutory definition of burglary. *See* Ind.Code § 35–43–2–1 (Burns 1983 Supp.). As such, the instructions sufficiently stated the elements required for the offense charged.

Another reason also exists for finding no error. The defendant's allegation of error stems from the instructions given to the jury. Under Ind.R.Tr.P. 51(C), "No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The

defendant, however, failed to object to Final Instruction Number 4, nor did he tender any instructions containing a definition of "felony" or stating that specific intent was required. The defendant's Motion to Correct Errors also makes no mention of omissions or insufficiencies in the final instructions. As such, the issues now raised for the first time on appeal would normally be waived. *Johnson v. State,* (1979) 271 Ind. 145, 390 N.E.2d 1005.

The defendant, however, asserts that the alleged errors were fundamental. It is true that a fundamental error may be considered on appeal even if not raised by proper objection at trial. *Kleinrichert v. State,* (1973) 260 Ind. 537, 297 N.E.2d 822. "To be categorized as fundamental error and thus to transcend our procedural requirements, the error must be blatant, and the potential for harm must be substantial and appear clearly and prospectively." *Nelson v. State,* (1980) Ind. 409 N.E.2d 637, 638. The alleged error here is not "blatant." The correct elements of the offense were given in both Final Instruction Number 4 and in preliminary Instruction Number 3, and there was no error in failing to define "felony" or in failing to mention that specific intent was required. The jury was also instructed as to the legal distinction between "intentionally" and "knowingly." Thus, there was no potential for harm. Since there is no fundamental error, the issue has been waived.

## II.

The defendant next asserts that there was insufficient evidence on all the elements to sustain the defendant's conviction for burglary beyond a reasonable doubt. The defendant contends that the state failed to prove the defendant intended to commit the felony of theft, as charged in the information.

The standard for reviewing sufficiency of evidence is well established. We will neither reweigh the evidence nor judge the credibility of witnesses. Instead, we look at the evidence most favorable to the state and all reasonable inferences drawn therefrom, *Walker v. State,* (1982) Ind., 442 N.E.2d 696; *Fielden v. State,* (1982) Ind., 437 N.E.2d 986.

The state, in this case, needed to prove four elements beyond a reasonable doubt: that the defendant (1) broke; (2) entered; (3) the dwelling of Cheryl Childress; (4) with the intent to commit a felony. Here the state charged an intent to commit theft, and it was required to prove this. The state, however, was not required to prove a completed theft. Instead, the proper focus is whether the evidence was sufficient to prove *intent* to commit the charged felony. *Bush v. State,* (1980) Ind. App., 401 N.E.2d 796. *Raymer v. State,* (1978) 177 Ind.App. 696, 381 N.E.2d 109. This intent may be inferred from the time, force, and manner in which the entry was made. *Lisenko v. State,* (1976) 265 Ind. 488, 355 N.E.2d 841. The evidence showed that the defendant was in Cheryl Childress's garage without her permission, and that he got there by entering through an unlocked window. While in the garage, the defendant opened a tool box, moved various articles, and unlocked the door between the garage and the condominium. The jury could reasonably infer from this that the defendant was there with the intent to commit theft.

## III.

The defendant next contends that the trial court erred when it allowed Deputy Thomas Brewster of the Marion County Sheriff's Department to give expert testimony on the conduct of burglars. The issue stems from the following question during the state's direct examination:

Q. "Uh, Deputy Brewster, in your experience if a burglar enters the residence and hears a noise or commotion inside; what if anything will he do?"

A. "He usually leaves."

Previously, the defendant timely objected to this question on the ground that the jury was qualified to make its own determination. After the objection the trial judge

asked that the state establish the witness's expertise as a police officer. Once this was done, the question was allowed over the defendant's renewed objection.

The defendant's contention is essentially that the witness's answer invaded the province of the jury in that it (1) presented an expert opinion in an area where the jurors were as well qualified to form conclusions, (2) allowed the witness to testify on the ultimate question in the case, the guilt or innocence of the defendant, and (3) stated an opinion about the state of mind of the defendant.

 In Indiana, it is proper for an expert witness to give an opinion in order to aid the jury or trier of fact. *Washington v. State,* (1979) 271 Ind. 97, 390 N.E.2d 983; *Williams v. State,* (1976) 265 Ind. 190, 352 N.E.2d 733. The witness here was properly qualified as an expert witness. In fact, the trial judge required the state to establish the witness's expertise before allowing him to answer the question. The witness then testified that he had been an officer with the Marion County Sheriff's Department for the past eight years. Prior to that, he had two years' experience with the police department in the city of Lawrence and seven years' experience of police work with the military. The witness also testified that during the past fifteen years he had investigated approximately four hundred burglaries. Thus, the trial court could have properly found that the deputy's opinion aided the jury, as in fact the trial judge did when he stated that he didn't "believe a layman would be able to answer that question [and that], therefore, it would require an expert to provide an answer if there is one."

 Nor was this question erroneous on the ground that it allowed the witness to testify as to the ultimate question in the case. Indiana law permits a witness to give an opinion as to the ultimate fact in question. *Shelby v. State,* (1981) Ind., 428 N.E.2d 1241; *Woods v. State,* (1978) 267 Ind. 581, 372 N.E.2d 178. The decision to allow the opinion is left to the discretion of the trial judge, and this Court will review only if the trial judge exceeds his discretion. *Woods v. State,* 267 at 582, 372 N.E.2d at 178. The trial judge did not do so here, especially in light of the precautions taken to qualify the witness as an expert before allowing him to answer.

 Finally, it is true that the "question of a person's intent at the time of the commission of a crime, not related to an issue of insanity, is a question of fact for the jury and not a proper subject of expertise." *Simpson v. State,* (1978) 269 Ind. 495, 502, 381 N.E.2d 1229, 1233. In this case, however, the witness did not attempt to testify as to the intent of the defendant. Therefore, there is no reversible error.

## IV.

The defendant's fourth issue concerns his conviction as an habitual offender. The defendant contends the state failed to prove the defendant accumulated two prior unrelated felony convictions. *See* Ind.Code § 35–50–2–8 (Burns 1983 Supp.).

 As noted above, this Court will not weigh the evidence in reviewing claims of sufficiency. We look to the evidence and the reasonable inferences which support the verdict and determine if there is probative evidence from which the trier of fact could find the defendant guilty beyond a reasonable doubt. *Twyman v. State,* (1982) Ind., 431 N.E.2d 778; *Walker v. State,* 442 N.E.2d at 698.

 The state introduced five exhibits to establish that the defendant was an habitual offender. The first was State's Exhibit Number 8, which included certified copies of an information charging the defendant with theft, an order of commitment, and order book entries for the 1974 sentencing of the defendant for entering to commit a felony. State's Exhibit Number 9 consisted of certified copies of the information, order of commitment, and order book entries for a 1980 conviction of theft. The state next introduced Exhibit Number 11, consisting of a certification sheet, an identification card with the defendant's picture

and fingerprints, and a commitment order for a 1980 conviction of forgery.

The final two exhibits introduced by the state were offered during the direct examination of Paul West, a fingerprint technician with the Indianapolis Police Department. During Officer West's testimony the state introduced Exhibit Number 10, a 1973 arrest report containing both the defendant's name and the name "Warren Blackford" under the "Prisoners Name" section of the report. The state's final exhibit, Exhibit Number 12, contained the fingerprints of the defendant. These fingerprints were taken the day of Officer West's testimony. Officer West testified that the fingerprints on State's Exhibit Number 12 matched fingerprints contained in the 1979 reformatory records constituting State's Exhibit Number 11. He also testified that the thumbprints on Exhibit Number 10, the 1973 arrest report, matched the thumbprint on Exhibit Number 12. Thus, there was sufficient evidence from which the trier of fact could have concluded the defendant had two prior felony convictions. There is no error.

### V.

The defendant's final contention is that the trial court erred in adding ten years to the defendant's determinant sentence. The defendant asserts the trial court's conclusions in support of the enhanced sentence were not supported by any evidence of the record. In reviewing this sentence, we must be cognizant of Ind.R. Ap.Rev. Sen. 2, which allows a sentence to be revised only if it is manifestly unreasonable.

The defendant in this case, in addition to the ten years he received for the burglary conviction, was given ten years because of aggravating circumstances. *See* Ind.Code § 35–50–2–5 (Burns 1979 Repl.). The trial judge, in sentencing the defendant, stated that "the Court has considered the risk that the defendant will commit another crime, the nature and circumstances of the crime committed, prior criminal record, [and the] character and condition of

the defendant." The trial judge also stated he had considered the Pre-Sentence Report filed by the Probation Department when he determined the sentence. This report recommended that the maximum sentence be imposed. While the facts that entered into the trial judge's decision to impose the enhanced sentence are perhaps not as detailed as we would like, there is sufficient evidence in the record to support the imposition of the additional ten years. Accordingly, under the circumstances of this case, there is no error.

For all the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.