Roderick C. CARTER, Appellant,

v.

STATE of Indiana, Appellee.

No. 683S243.

Supreme Court of Indiana.

Aug. 31, 1984.

David H. Nicholls, Nicholls & Podgor, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery, a class A felony. He was sentenced to a term of thirty (30) years imprisonment.

The facts are: At approximately 2:00 A.M., on November 15, 1980, appellant and two companions walked into the Galaxy Lounge in Gary, Indiana. Shortly after they entered the lounge, one of appellant's

companions, Raleigh Crenshaw, fired a revolver at Roosevelt Richardson, part owner of the lounge, who was standing at the bar. Appellant also fired a weapon in the direction of the bar. As a result of the shooting, Richardson sustained three gunshot wounds.

While appellant remained in the doorway, Crenshaw compelled Richardson, at gunpoint, to assist him in removing the money in the cash register. Crenshaw then forced Richardson into the office. Upon entering the office, Richardson grabbed a shotgun. Richardson and Crenshaw briefly wrestled over the shotgun, after which both appellant and Crenshaw fled from the lounge.

Appellant's first three allegations of error center on the question of whether the offense for which he was charged and convicted was suspendible. He contends that: 1) he was never apprised of the fact that the offense was non-suspendible; 2) that the trial court erred, after noting that the offense was non-suspendible, in denying him an appeal bond; and 3) that the court erred in denying him shock probation, again based on the determination that the offense was non-suspendible.

Appellant was charged by information with the crime of Robbery. Ind.Code § 35–42–5–1 (West 1978) [amended 1982]. Such offense is a class A felony "[i]f it results in either bodily injury or serious bodily injury to any other person." *Id.* The distinction between "bodily injury" and "serious bodily injury" becomes relevant in the sentencing provisions pertaining to a conviction of Robbery as a class A felony. A court may not suspend any part of a minimum sentence if the felony committed was robbery resulting in serious bodily injury. Ind.Code § 35–50–2–2(2) (West 1978) [amended 1983, now Ind.Code § 35–50–2–2(b)(4) (West 1983 Supp.)]. Also, a court may not grant shock probation if suspension is not permitted under Ind.Code § 35–50–2–2. Ind.Code § 35–4.1–4–18 (West 1978) [repealed 1983, recodified as Ind.Code § 35–38–1–17) (West 1983 Supp.)].

■ The information charging appellant reads in pertinent part:

"[I]n the commission of the said taking the said RODRICH (sic) C. CARTER did then and there use or threaten the use of force on the said ROOSEVELT RICHARDSON, and as a proximate result of the commission of the said taking the said RODRICH (sic) C. CARTER did then and there and thereby unlawfully and feloniously cause bodily injury to the said ROOSEVELT RICHARDSON, ...."

The crux of appellant's argument is that the omission of the words "serious bodily injury" made the offense for which he was charged and convicted suspendible.

Clearly the information charged appellant with a class A felony within the purview of Ind.Code § 35–42–5–1. We can discern no pretrial prejudice to appellant, despite his contention that he "was never apprised of the fact that the offense was non-suspendible." The cases he cites, for the proposition that a defendant must be adequately informed of the offense charged, are not applicable here. Further, any challenge to the sufficiency of an information must be made by a motion to dismiss prior to arraignment or any error in this regard is waived. *Brown v. State,* (1982) Ind., 442 N.E.2d 1109.

■ Appellant received the presumptive sentence of thirty (30) years for a class A felony. Ind.Code § 35–50–2–4 (West 1978). Even if the sentence were suspendible, the court could not grant his motion for appeal bond. Eligibility for release on appeal bond is controlled by the statute in effect at the time such release is sought. *State ex rel. Dorton v. Circuit Court of Elkhart County,* (1980) Ind., 412 N.E.2d 72. As appellant petitioned the court for appeal bond on April 8, 1983, the following statute was controlling:

"Sec. 1. A person convicted of an offense who has appealed or desires to appeal the conviction may file a petition to be admitted to bail pending appeal. The person may be admitted to bail pending appeal at the discretion of the court in which the case was tried, but he may

not be admitted to it if he has been *convicted of a Class A felony* or a felony for which the court may not suspend the sentence under IC 35–50–2–2." IC § 35–33–9–1 (Acts 1981, P.L. 298, SEC. 2) (West 1983 Supp.) (emphasis added). There was no error in the denial of appellant's motion for appeal bond, as it was not within the court's power to grant it.

■ A ruling on shock probation is made within the discretion of the court, unless suspension is not permitted under Ind.Code § 35–50–2–2. Ind.Code § 35–4.1–4–18 (West 1978) [repealed 1983, recodified as Ind.Code § 35–38–1–17 (West 1983 Supp.)]. Notwithstanding any alleged deficiency in the charging instrument, the court here could reasonably find that the offense resulted in serious bodily injury, thus making the offense non-suspendible under Ind. Code § 35–50–2–2. We find no error in the denial of shock probation.

Appellant next argues that the trial court erred in failing to permit the testimony of a surprise defense witness, Michael Marks. Marks, along with appellant, had visited the Galaxy Lounge during the week of the trial. Marks' testimony was offered to impeach State's witness Roosevelt Richardson's earlier testimony to the effect that he had not seen appellant since the night of the alleged robbery.

■ The trial court is accorded wide latitude in ruling on the relevance of evidence. *Buck v. State*, (1983) Ind., 453 N.E.2d 993; *Begley v. State*, (1981) Ind., 416 N.E.2d 824. In sustaining the State's objection to defense counsel calling Marks, the court stated:

"As I recall the testimony, Roosevelt Richardson testified, he did not deny that Mr. Carter was there. As I recall he said someone who looked like him was there, and he didn't pay any attention to him. It would seem to me that the witness called would be in the nature of impeachment of prior testimony, except there is no issue about whether or not he was there at this point. The objection to the additional witness at this point is sustained."

We find no abuse of discretion in the court's negative determination on the relevance of the offered testimony.

Appellant next alleges the trial court erred in admitting into evidence the written statements of Roosevelt Richardson and Lee Otis Richardson, Roosevelt's brother and co-owner. He argues that some inconsistency between the witnesses' in-court testimony and the written out-of-court statements must be present for admission of the entire statements. He further argues that the statements merely corroborated the Richardsons' prior unimpeached testimony, thereby prejudicing him by creating a perception of enhanced credibility of the testimony in the minds of the jury.

■ The statements, given to the police officer investigating the alleged robbery, were admitted over objection during direct examination of the police officer. Extrajudicial statements of witnesses who testify and are subject to cross-examination are admissible as substantive evidence insofar as they are relevant. *Williams v. State*, (1981) Ind., 426 N.E.2d 662; *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482. The requirements of the *Patterson* test were met, as the declarants testified and were subject to cross-examination. We find no merit in appellant's argument that admission of corroborating written statements cannot comport with the *Patterson* rule.

■ We do agree with appellant's interpretation of the statements as cumulative evidence. However, the admission or exclusion of cumulative evidence is within the sound discretion of the trial court. The fact that evidence is cumulative does not automatically render a written statement inadmissible. *Badelle v. State*, (1982) Ind., 434 N.E.2d 872; *Pierce v. State*, (1970) 253 Ind. 650, 256 N.E.2d 557. There is no showing here that the trial court abused that discretion.

■ Appellant's final argument is almost identical in nature, in that he alleges error in the admission over objection of a

written statement, that of a co-defendant who had earlier taken the stand. Again, we reject appellant's contention that impeachment of a witness is a prerequisite for the admission of any out-of-court statements by the witness. The statement by the co-defendant was in essence cumulative evidence, and as discussed *infra,* admission of such evidence is within the trial court's discretion. We do not find error in the admission of the statement.

The trial court is in all things affirmed.

All Justices concur.