**Gary STWALLEY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 67S00–8602–CR–208.**

Supreme Court of Indiana.

Feb. 20, 1989.

Susan K. Carpenter, Public Defender, June Oldham, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson–Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Upon charges that appellant Gary Stwalley broke into the home of the victim and forced her to submit to sexual intercourse, a jury found him guilty of rape, a class B felony, Ind.Code § 35–42–4–1 (Burns 1985 Repl.); child molesting, a class C felony, Ind.Code § 35–42–4–3 (Burns 1985 Repl.); and burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.). The trial court sentenced him to consecutive sentences of twenty years for rape, eight

years for child molesting and twenty years for burglary.

We address five issues on direct appeal:

I. Whether Stwalley's convictions for rape and child molesting arising out of the same act of sexual intercourse violate double jeopardy;

II. Whether evidence of Stwalley's prior rape conviction was admissible in the current trial on the rape charge to establish depraved sexual instinct;

III. Whether the evidence is sufficient to support the rape conviction;

IV. Whether the burglary information and instruction were adequate; and

V. Whether the trial court properly admitted testimony that Stwalley had been prowling around the home of the victim's neighbor shortly before the attack.

The record shows the 12–year–old victim awoke in her bedroom about 8:30 a.m. on June 24, 1985, and saw a red truck parked in her driveway. Her parents were at work, and she was alone in the home. Stwalley entered the unlocked back door of the victim's home and found her in the hallway leading from her bedroom. Stwalley grabbed the victim, pulled her into her bedroom and forced her to submit to sexual intercourse. He was wearing a large knife in his belt during the attack. He fled immediately afterward.

### I. *Double Jeopardy*

■ Double jeopardy prohibits multiple punishment for the same offense. When the State charges a defendant with attempted rape and attempted child molesting based upon the same conduct, the same harm to the victim, and over the same short span of time, one of the convictions must fall. *Kizer v. State* (1986), Ind., 488 N.E.2d 704.

■ The only difference between this case and *Kizer* is that Stwalley was convicted of the two crimes and not the two attempts. The rape and the child molesting arose from one act of sexual intercourse. The child molesting, as charged, and the rape were the same offense. To punish Stwalley twice for this conduct would violate double jeopardy. The child molesting conviction must be vacated.

### II. *Evidence of Prior Rape Conviction*

During its case-in-chief, the State called a police officer to testify about Stwalley's previous rape conviction in Putnam Circuit Court. The State claimed the evidence was admissible under the depraved sexual instinct exception. The defense objected.

The trial court ruled that the evidence was admissible on the child molesting and rape counts, but not on the burglary. Stwalley claims the evidence was improperly admitted under the depraved sexual instinct exception.

Because the child molesting conviction must be vacated on double jeopardy grounds, we need not consider whether the court erred in permitting the prior rape conviction to be used as evidence of child molesting. We still must consider the admissibility of the prior rape conviction in the present rape charge.

■ While evidence of prior sexual crimes is generally inadmissible to prove the charged crime, certain exceptions to this rule exist. For instance, prior sex crimes may be admissible to show a depraved sexual instinct. *Watkins v. State* (1984), Ind., 460 N.E.2d 514. The rationale for the depraved sexual instinct exception is to allow the prosecution to bolster the credibility of the witness in a situation where the accusations or acts seem improbable standing alone. *Lehiy v. State* (1986), Ind.App., 501 N.E.2d 451, *aff'd*, 509 N.E.2d 1116 (Ind.1987).

■ Rape of an adult woman is unfortunately not so uncommon as to make its accusation as inherently improbable as are some other more infrequent and bizarre sexual crimes. Thus evidence of prior rape of an adult woman does not necessitate resort to the depraved sexual instinct exception to the usual rules of evidence. *Reichard v. State* (1987), Ind., 510 N.E.2d 163. Justice Givan stated in *Reichard*, "[T]he prior offenses [of rape] did not involve depraved sexual conduct; therefore,

the depraved sexual instinct exception is inapplicable." *Id.* at 165. The evidence of the prior rape is not admissible under the depraved sexual instinct exception in this rape prosecution. Stwalley's prior rape conviction was improperly admitted.

In determining whether this error was harmless, our task is to decide if the error had substantial influence on the verdict, not whether there was sufficient evidence to support the conviction.

"If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand.... But if one cannot say, with fair assurance, *after pondering all that happened* without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. *The inquiry cannot be merely whether there was enough to support the result,* apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand." *Kotteakos v. United States,* 328 U.S. 750, 764–767, 66 S.Ct. 1239, 1247–1249, 90 L.Ed. 1557, 1566–1567 (1946).

*Miller v. State* (1982), Ind., 436 N.E.2d 1113, 1114 (original emphasis).

The narrow question is whether the jury's verdict was substantially swayed by the erroneous admission of the prior rape. The trial court admitted only the date and place of conviction, the cause number, and a docket sheet from that earlier prosecution. Factual details of the prior rape were not revealed. In light of these circumstances, we can say with fair assurance that the jury's verdict of rape was not substantially swayed by the error.

### III.  *Sufficiency of the Evidence*

Stwalley argues that the evidence is insufficient to establish penetration. When reviewing the sufficiency of the evidence, this Court will not reweigh the evidence nor judge the credibility of witnesses. We will look to the evidence and reasonable inferences therefrom which support the verdict. The conviction will be affirmed if there is evidence of probative value from which a reasonable trier of fact could infer guilt beyond a reasonable doubt. *Coleman v. State* (1986), Ind., 490 N.E.2d 325. The victim's direct and explicit testimony concerning penetration is sufficient as a matter of law. *Dobrzykowski v. State* (1978), 269 Ind. 604, 382 N.E.2d 170.

Referring to anatomical diagrams, the victim testified that sexual intercourse occurs when the male puts "his private part" inside of the "girl's private parts." When the prosecutor asked if that had happened to her, she responded affirmatively. She later testified that she felt Stwalley's penis inside of her. The evidence of penetration was sufficient.

### IV.  *Adequacy of Burglary Information and Instructions*

Stwalley claims that the State did not properly charge him. The information charging burglary alleged that Stwalley broke and entered the victim's home with intent to commit a felony. The information did not specify the felony intended and therefore was insufficient. *Reed v. State* (1982), Ind., 438 N.E.2d 704; *Bays v. State* (1959), 240 Ind. 37, 159 N.E.2d 393. Any challenge to the sufficiency of an information, however, must be made by motion to dismiss prior to arraignment. Otherwise, any error in that regard is waived. *Carter v. State* (1984), Ind., 467 N.E.2d 694. Inasmuch as Stwalley failed to object to the information before appeal, he has waived that error.

He claims the error is fundamental and asks that we ignore the procedural default and address the merits. To rise to the level of fundamental error, the mistake must constitute a clearly blatant violation of basic and elementary principles and the harm or potential for harm therefrom must be substantial and appear prospectively. *Wright v. State* (1985), Ind., 474 N.E.2d 89. While the intended felony was not specified in the information, the burglary count was accompanied by the child molesting and rape charges. Child

molesting and rape were separately defined as felonies in both the information and jury instructions. Both the rape and child molesting charges arose from the same act of felonious intercourse, the only criminal conduct charged aside from the burglary. Circumstantial and direct evidence showed that he broke and entered the home with the intent to commit a rape. Under these circumstances, the harm to Stwalley caused by the insufficient burglary information was not substantial.

Stwalley also contends the jury was not instructed that "there must be a specific intent to commit a particular felony within the dwelling." Over his objection, the trial court instructed the jury that the State must prove that "the defendant (1) broke and entered (2) the building or structure of another (3) with intent to commit a felony in it."

In *Blackmon v. State* (1983), Ind., 455 N.E.2d 586, the final burglary instructions also failed to specify the intended felony. On direct appeal, Blackmon argued that omission rendered the instructions insufficient, as they failed to inform the jury that specific intent to commit a felony within the structure was required. He characterized this as a failure to state each element of the offense charged. We held that burglary instructions may sufficiently state the elements of burglary without defining the intended felony, relying on the well-established rule that the trial court has the discretion to determine whether to give an instruction including definitions. *Id.* at 589. The holding in *Blackmon* disposes of Stwalley's claim.

V. *Admission of Neighbor's Testimony*

Several of the victim's neighbors observed Stwalley in the area on the morning of the attack. One female neighbor, who was alone in her home prior to the attack, testified she saw Stwalley prowling around her home. Stwalley argues that testimony was irrelevant to the crimes charged and thus inadmissible. The trial court has wide discretion in determining the relevancy of evidence. *Armstrong v. State* (1982), Ind., 429 N.E.2d 647. Evidence having some tendency to prove a material fact is relevant. *Turpin v. State* (1980), 272 Ind. 629, 400 N.E.2d 1119. The neighbors' testimony about Stwalley's suspicious actions with regard to another female alone at home was probative of his intent in entering the home of his eventual victim.

We affirm Stwalley's convictions for rape and burglary but remand the case to the trial court to vacate the child molesting conviction.

PIVARNIK and DICKSON, JJ., concur.

GIVAN, J., concurs in result without opinion.

DeBRULER, Justice, concurring and dissenting.

I concur with the decisions reached by the majority, except for that part which affirms appellant's burglary conviction. I would reverse that conviction, and remand the case for retrial on that charge. The charge of burglary and the final instructions informed the jury that appellant was charged with breaking and entering the dwelling of another with the intent to commit a felony therein. The felonious intent was not described in the charge or in the instructions in any more particular manner. When a burglary charge fails to designate the particular felony which the accused intended to commit, it is insufficient to charge an offense. *Bays v. State* (1959), 240 Ind. 37, 159 N.E.2d 393. The fatal defect in such a pleading is not that it fails to define the term "felony" as used in the charge, or that it fails to employ the term "specific" to modify the term "felony"— the two alleged defects actually considered by this court in the case found dispositive in the majority opinion, *Blackmon v. State* (1983), Ind., 455 N.E.2d 586— but is instead its failure to designate the particular felony intended at the time of entry.

The question remains as to whether this issue is properly presented to this Court for a decision in this appeal in light of appellant's failure to raise it in a motion to dismiss. It has been held that a pleading which is insufficient to charge an offense

fails to define the issues for trial and to provide a basis for pronouncement of a judgment. The issue under prior law could therefore be raised in a motion in arrest of judgment following trial. *Burnett v. State* (1970), 253 Ind. 520, 255 N.E.2d 529. The statute permitting that motion has been repealed. Under present practice a challenge to the sufficiency of the information must be made within twenty days prior to the omnibus date. I.C. 35–34–1–4(a)(4). While this is certainly a good rule, and should be enforced, it cannot be permitted to define the limits of judicial power to insure the legal integrity of criminal judgments. Here, both the burglary charge and the jury instructions were defective. Neither designated the particular felony intended at the time of entry. It is the state of mind at the time of entry which is the crucial and essential element and not the state of mind at some later time. Did the jury decide that appellant intended to steal something when he entered the home? Did it decide the intent was to carry the knife which was strapped to his side? Did it decide instead that he intended to rape? Or did it decide instead that he intended to do some terrible wrong? As judges, we cannot know the basis of the jury verdict; and we should therefore not permit the judgment to stand, but should reverse it.

This is the case of *Mireles v. State* (1973), 261 Ind. 64, 300 N.E.2d 350, revisited. I dissented there. Vague charges and instructions of this sort sound no better to me today.